UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:21-CR-00312-01** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **KRISTAL GLOVER-WING (01)** | **MAGISTRATE JUDGE DAVID J. AYO** |

## ORDER

Before the Court is a *pro se* filing by Defendant Kristal Glover-Wing [ECF No. 245], entitled (in part) "Omnibus Motion for Motion for Leave to Reconsider Rule 29 and Rule 33 Motions." By her motion, Defendant seeks reconsideration of the Court's April 3, 2024, Ruling and Order denying the Motion for Judgment of Acquittal and Motion for New Trial filed by her counsel.[1] For the following reasons, the motion is **DISMISSED**.

First, as noted by the Court in its August 14, 2024, Order:

> Defendant is represented by counsel both in this Court and in the appellate court. "When a defendant is represented by counsel, he or she does not have the right to file pro se motions." Therefore, Defendant is **DIRECTED** to convey any and all concerns in her case to her retained counsel, Katryna Spearman.[2]

That Order remains in effect, and Defendant is again directed to convey any and all concerns to her retained counsel. Further, the Court lacks jurisdiction to address the motion for reconsideration. On July 8, 2024, Defendant's counsel filed a Notice of Appeal.[3] Generally, the filing of a Notice of Appeal confers jurisdiction on the court of appeals and divests the district court "of its control over those aspects of the case involved in the appeal."[4] "[I]n criminal proceedings, petitions for

---

[1] *See* ECF Nos. 217, 218.
[2] ECF No. 244 (footnotes omitted; emphasis in original).
[3] ECF No. 235.
[4] *United States v. Willis*, 76 F.4th 467, 471 (5th Cir. 2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *see also United States v. Lucero*, 755 Fed.App'x 384, 386–87 (5th Cir. 2018) (per

rehearing of orders affecting final judgment are timely filed if made within the period allotted for the noticing of an appeal."[5] In this matter, Defendant's notice of appeal was required to be filed within 14 days after entry of the order being appealed.[6] The Order being appealed was entered on April 3, 2024; the motion for reconsideration was filed more than four months after entry of that Order. Because the motion for reconsideration is untimely, the Court lacks jurisdiction to adjudicate it.

      THUS DONE in Chambers on this 21st day of August, 2024.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

curiam) ("The general rule is that a case can exist only in one court at a time, and a notice of appeal permanently transfers the case to [the appellate court] until we send it back.")
[5] *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982).
[6] Fed. R. App. P. 4(b)(1)(A)(i).