UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:21-CR-00312-01** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **KRISTAL GLOVER-WING (01)** | **MAGISTRATE JUDGE DAVID J. AYO** |

### RULING AND ORDER

Before the Court is a MOTION TO STAY WRIT OF EXECUTION filed *pro se* by defendant Kristal Glover-Wing. (Rec. Doc. 274). The government opposes the Motion. (Rec. Doc. 277). Defendant's motion was referred to the undersigned magistrate judge for ruling. (Rec. Doc. 275).

### Factual Background

Defendant was convicted of one count of Conspiracy to Commit Health Care Fraud and three counts of Health Care Fraud by a jury on April 4, 2023. (Rec. Doc. 171). On June 26, 2024, Defendant was sentenced to serve 72 months of imprisonment and three years of supervised release on each of these four counts, to run concurrently. (Judgment, Rec. Doc. 233). In addition, the Court ordered restitution in the amount of $3,675,948.42 be paid to the Center for Medicare and Medicaid Services. (*Id.*). Defendant filed a direct appeal as to her conviction and sentence, which remains pending before the United States Fifth Circuit Court of Appeals under Case No. 24-30431. (Rec. Doc. 235).

By Order of December 5, 2024, this Court granted the government's Application for Writ of Execution (Rec. Doc. 257) as to certain specified real property, to wit: "34965 Sweetwater Drive, Agua Dulce, California 91390-3438, further specified as Lot: 17 TR#: 34038 TR = 34038 LOT 17." (Rec. Doc. 270). Defendant filed the instant motion on December 18, 2024, seeking a stay of this Court's Order during the pendency of her direct appeal. (Rec. Doc. 274). The undersigned granted a temporary stay of the Writ of Execution to permit

briefing on the issue. (Rec. Doc. 276). The government timely filed its brief in opposition (Rec. Doc. 277) and the motion is now ripe for consideration.

## Law and Analysis

Defendant's 2023 conviction for conspiracy and health care fraud rests upon the finding of the jury in that case that the Defendant conspired with others to obtain payments from the Medicare and Medicaid programs to which she would not otherwise be entitled. Considering her conviction, the Court ordered restitution in the amount of $3,675,948.42, payable to the Center for Medicare and Medicaid Services pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A. (Rec. Doc. 233).

Federal Rule of Criminal Procedure 38(e) governs Defendant's requested relief. This rule provides, in part, that

> (1) In General. If the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay – on any terms considered appropriate – any sentence providing for restitution under 18 U.S.C. § 3556…
> (2) Ensuring Compliance. The court may issue any order reasonably necessary to ensure compliance with a restitution order or a notice order after disposition of an appeal, including:
>
>> (A) a restraining order;
>> (B) an injunction;
>> (C) an order requiring defendant to deposit all or part of any monetary restitution into the district court's registry; or
>> (D) an order requiring the defendant to post a bond.

18 U.S.C. § 3572(g) is also relevant and provides that

> If a sentence imposing a fine is stayed, the court shall, absent exceptional circumstances (as determined by the court) –
>
> (1) require the defendant to deposit, in the registry of the district court, any amount of the fine that is due;
> (2) require the defendant to provide a bond or other security to ensure payment of the fine; or
> (3) restrain the defendant from transferring or dissipating assets.

The government alleges and Defendant does not deny that the subject residential property is jointly owned by Defendant and her spouse, David Wing. (Rec. Docs. 257, 274). Defendant's motion seeks a stay of the Writ of Execution (Rec. Doc. 271) to which this property is now subject because of the pendency of Defendant's direct appeal and irreparable harm which will be caused to her family by the sale of the home. (Rec. Doc. 274). Specifically, Defendant points out that her husband lives in the home located on that property with her two minor children and disabled adult son. (*Id.*).

Agua Dulce, California is located approximately 45 miles from Los Angeles, California.[1]  Recent wildfires in Los Angeles and surrounding areas have destroyed more than 40,000 acres of homes, businesses, and infrastructure.[2]  The destruction of more than 10,000 homes in Los Angeles County has exacerbated California's already-serious housing crisis.[3]  The government argues that Defendant's family will not be subject to irreparable harm if the Writ of Execution as to their home is not stayed because "Defendant's husband…is more than capable of locating and affording a comparable home." (Rec. Doc. 277 at p. 3).  Considering the impact of the California wildfires on the available housing and relative pricing of same, this Court finds that Defendant has adequately demonstrated the likelihood of irreparable harm in this case, such that a stay of the Writ of Execution pending resolution of her direct appeal is appropriate.

The government's opposition points out evidence that David Wing was attempting in recent months to refinance the subject property, which is currently unencumbered by any

---

[1]   https://www.google.com/maps/dir/Los+Angeles,+California/Agua+Dulce,+CA/@34.2757522,-118.6971657,10z/data=!3m1!4b1!4m13!4m12!1m5!1m1!1s0x80c2c75ddc27da13:0xe22fdf6f254608f4!2m2!1d-118.242643!2d34.0549076!1m5!1m1!1s0x80c263cb72c77aff:0xe7d20bff6c3db594!2m2!1d-118.3261969!2d34.4963443?entry=ttu&g_ep=EgoyMDI1MDIwMi4wIKXMDSoASAFQAw%3D%3D.
[2]   https://www.usgs.gov/media/before-after/greater-los-angeles-wildfires-january-2025#:~:text=The%20tragic%20fires%20sweeping%20across,winds%2C%20have%20fueled%20the%20fires..
[3]   https://www.foxweather.com/lifestyle/southern-california-wildfires-los-angeles-rent-home-price.

3

debt. (*See*, Rec. Doc. 277-1). This Court agrees that no alienation of property subject to the Writ of Execution should be permitted during the pendency of the stay.

Considering the foregoing, it is hereby

ORDERED that Defendant's instant MOTION TO STAY WRIT OF EXECUTION (Rec. Doc. 274) is GRANTED. Accordingly, it is further

ORDERED that the Writ of Execution (Rec. Doc. 270) is STAYED pending resolution of Defendant's direct appeal before the United States Fifth Circuit Court of Appeals and further orders of this Court pursuant to Federal Rule of Criminal Procedure 38(e)(1) and (2). It is further

ORDERED that the Defendant and Defendant's spouse, David Wing, are hereby RESTRAINED from selling, transferring, leasing, mortgaging, or otherwise encumbering the property subject to the Writ of Execution under 18 U.S.C. § 3572(g)(3), identified therein as 17 TR#: 34038 TR = 34038 LOT 17 during the stay imposed by this Order. It is further

ORDERED that, upon resolution of the Defendant's direct appeal by the Fifth Circuit, the government will notify this Court as soon as is practicable. Should Defendant's conviction and sentence be affirmed, the government may file an appropriate motion to lift the stay and Defendant may seek further relief in the form of proceeds from any contemplated sale of the subject property. It is further

ORDERED that Defendant's MOTION FOR EXTENSION OF STAY OF THE WRIT OF EXECUTION (Rec. Doc. 278) is DENIED AS MOOT.

SO ORDERED this 5th day of February, 2025, at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**