UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:21-CR-00312-01 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| KRISTAL GLOVER-WING (01) | MAGISTRATE JUDGE DAVID J. AYO |

ORDER and REASONS

Before the Court are three motions filed by *pro se* Defendant, Kristal Glover-Wing: (1) a sixth motion for release pending appeal [ECF No. 287];[1] (2) a motion for reconsideration of Defendant's fifth denial of release pending appeal [ECF No. 288]; and (3) a "Motion for Recusal of Judge Robert Summerhayes [sic] due to Explicit Bias, Due Process Violations, False Imprisonment and Nonfeasance" [ECF No. 289].

"Two federal statutes govern recusal of district court judges for bias: 28 U.S.C. §§ 144 and 455."[2] Although Defendant does not state the legal basis for her motion, the Court presumes she is proceeding under section 455, as she has failed to comply with the requirements of section 144.[3] Under section 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[4] "In applying the statute, a court considers 'whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.'"[5] "The objective standard relies on the 'well-informed, thoughtful and objective

---

[1] *See also* ECF Nos. 239, 241, 253, 259 and 285.
[2] *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021).
[3] 28 U.S.C. § 144 requires the movant to file "a timely and sufficient affidavit," which must be "accompanied by a certificate of counsel of record stating that it is made in good faith." Here, no affidavit or certificate of good faith has been submitted to the Court.
[4] 28 U.S.C. § 455(a).
[5] *Brocato*, 4 F.4th at 301 (quoting *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995)).

observer, rather than the hypersensitive, cynical, and suspicious person.'"[6] Under section (b)(1), a judge must "disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party."[7] Under either section, adverse rulings by a judge "will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible."[8]

In the motion to recuse, Defendant contends: (1) that the undersigned "has repeatedly aligned with the government in relation to denials for all my requests for bail with flimsy excuses"; (2) that the Court's "1st bail denial was done ex-parte (government) without allowing me time to respond" and that Defendant's *pro se* reply brief "was completely ignored"; (3) that her appellate brief filed with the Fifth Circuit "fully exonerates" her and shows she is "innocent" of the counts of conviction; and (4) that the Court made erroneous rulings during Defendant's trial.[9] All of Defendant's arguments are premised upon adverse rulings, and Defendant has failed to show those rulings were based on an "extrajudicial source" or that "they demonstrate such a high degree of antagonism as to make fair judgment impossible."[10] Accordingly, the motion for recusal [ECF No. 289] is DENIED.

Defendant's sixth motion for release pending appeal [ECF No. 287] and her motion for reconsideration of the Court's July 3, 2025, Order denying release pending appeal [ECF No. 288]

---

[6] *Id.* (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003)).
[7] 28 U.S.C. § 455(b)(1).
[8] *Brocato* at 302 (quoting *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007)); *see also Tejero v. Portfolio Recovery Associates, L.L.C.*, 955 F.3d 453, 463 (5th Cir. 2020) ("An opinion is not extrajudicial if it was formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings.") (internal quotation marks omitted).
[9] ECF No. 289 at 2-4.
[10] *Brocato* at 302. The Court additionally notes Defendant's second argument is factually inaccurate. The Court's first Order denying release pending appeal was not issued ex parte, *see* ECF No. 251 at 1 n.1 (referencing the Government's opposition at ECF No. 246), and Defendant's *pro se* reply brief was considered when the Court reinstated Defendant's *pro se* Motion for Bail Pending Direct Appeal, *see* ECF No. 255.

are DENIED for the reasons previously provided in the Court's multiple Orders denying release pending appeal.

THUS DONE in Chambers on this 24th day of July, 2025.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE